## Commonwealth *v.* Mullin, Appellant.

*Jury—Selection of jurymen—List furnished by party committee.*
An array of jurors will not be quashed merely because certain names furnished by a party committee were placed in a general book along with many others without any indication of party or religious connection, or other matter to indicate bias or prejudice, and the members of the jury board alternately selected from the many names thus placed in the book, the names to fill the jury wheel.

Argued Nov. 20, 1916.    Appeal, No. 395, Oct. T.; 1915, by defendant, from order of Q. S. Chester Co., Oct. T., 1915, overruling motion to challenge array of jurors in case of Commonwealth v. William Mullin.    Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ.    Affirmed.

Indictment for operating an automobile recklessly.

Challenge to array of jurors.

The motion was as follows:

And now, to wit, October 4, A. D. 1915, come the prosecutor and the defendant by their attorneys, and thereupon the aforesaid defendant, William Mullin, challenges the array of the panel of the grand and petit jury for the October Sessions, 1915, because he says that the said panel was not selected according to law by a board consisting of the two jury commissioners and the president judge, or additional law judge, alternately from the whole qualified electors of the county, of sober, intelligent and judicious persons, but that said panel was drawn from lists furnished by the members of the Republican and Democratic county committees and others to the respective jury commissioners and from a list of jurors furnished to the court by their friends or acquaintances and the names thus separately selected were alternately placed in the jury wheel from which said panel was drawn.

All of which matters and facts are known to and appear by the records of this court and so far as they do not appear this defendant avers he is ready to verify and prove, and he therefore prays that this his challenge may be sustained and that the said panels be quashed.

The court overruled the motion.

*Error assigned* was the order of the court.

*George B. Johnson,* for appellant.—The evidence shows that the jury was not selected by the jury commis-

sioners from the whole qualified electors of the county as
required by law, but from lists furnished by the members
of the Republican county committee to the clerk of the
jury commissioners, who copied them in a book, from
which they were transferred to the jury wheel: Bucks
Co. Jurors, 20 Pa. C. C. R. 36; Com. v. Baranowski, 5
Pa. C. C. R. 642; Kell v. Brillinger, 84 Pa. 276; Klem-
mer v. Mt. Penn, Etc., Railroad, 163 Pa. 521.

*A. M. Holding,* with him *T. D. Wade,* District Attor-
ney, for appellee, cited: Klemmer v. Mount Penn Grav-
ity R. R. Co., 163 Pa. 521; Com. v. Rentz, 20 Pa. C. C. R.
568.

OPINION BY KEPHART, J., December 18, 1916:

Our Supreme Court in Klemmer v. Railroad, 163 Pa.
521, has thus defined the duties of jury commission-
ers in the selection of names to fill the jury wheel: "If
they (the commissioners) made up lists of sober, intelli-
gent and judicious persons themselves, on their own
judgment, although on information obtained from
others, this was the only way, in very many cases, that
they could intelligently perform their duty. The act
does not require that they shall take up the list of the
whole qualified electors, and alternately select therefrom,
but that the selection shall be made from 'the whole
qualified electors.'......There is not probably, in the
county, a single person qualified from his own knowledge
to do this. His ability to select, must, in large degree,
come from information derived from others. That the
members of the board made private lists, prepared by
themselves beforehand, proves nothing more than that
they sought, by inquiry, to qualify themselves for a prop-
er performance of their duty." When the challenge was
made to the array it charged that the "panel was drawn
from lists furnished by the members of the Republican
and Democratic county committees and others to the re-
spective jury commissioners and from a list of jurors

furnished to the court by their friends or acquaintances."
The court below after hearing the evidence dismissed the
motion and found, in effect, that no mention was made
as to the politics of the respective persons whose names
were selected for the wheel, and no other matter was in-
quired into except their fitness to act as jurors. We have
examined the evidence and it amply warrants these find-
ings. It is not possible to come to any other conclusion
than that the board was actuated with the desire to se-
cure fit men without regard to politic 3 or religion. It is
true, the only witness as to what took place contradicted
himself, but, in the main his testimony firmly supports
the learned court's conclusion. As stated in Klemmer
v. S. R. R. Co., supra, there is no one who is qualified of his
own knowledge to make up a list of voters over the en-
tire county. With the increase in population of the
counties of this Commonwealth and of the county now
under consideration, the jury commissioners and the
court must depend on others for information. The chief
consideration should be an earnest effort to secure the
best men for the duty to be performed. We realize the
difficulty under which the jury commissioner labored
whose acts are most complained of. He was blind and
necessarily must depend on others for his list of names.
There was no harm in writing to the members of the com-
mittee of a party for "good reliable men" to fill the jury
wheel. When the lists were returned there was no indi-
cation on them that the persons named had any party af-
filiation. These names were placed in a general book
along with many others without any indication of party
or religious connection or other matter to indicate bias
or prejudice, and the members of the board could alter-
nately select from the many names thus placed in the
book, the names to fill the jury wheel, without violating
any act of assembly or decision of the court.

Judgment affirmed and record remitted that defend-
ants may serve unexpired term for which they were sen-
tenced.